GREEN, J.,
delivered the opinion of the court.
The plaintiff in error was indicted for the murder of a negro man, Frank, of which he was found guilty, and sen *492 tenced to ten years imprisonment in the penitentiary. A motion was made for a new trial, for alleged misbehavior of the jury, which motion was overruled by the court, and judgment pronounced upon the verdict; from which judgment the prisoner appealed to this court.
A number of affidavits were introduced in support of the motion and in explanation of the conduct of the jury, and the officer who had them in charge.
From, all the testimony, it appears that the court was several days employed in empanelling a jury, and in the trial; that the officer furnished the jury with several bottles of ardent spirits during the time ; of which, several jurors and the officer drank somewhat freely, but none of them were intoxicated. One juror was seen to speak to a person not of the jury; but this was done in presence of the court and of the jury; was done soon after he had been selected on the jury, and consisted only of a request of the person to give the juror a vest. One juror was seen apart from his fellows, but he Was in fifteen steps of the officer, and in his view, as he stood in the door of the jury-room, the juror having withdrawn, with leave of the officer, to obey a call of nature. The jurors were seen to mingle with other persons; but this occurred only in passing from the court-house to the hotel, and in passing through the public room of the hotel, in which situation they were necessarily somewhat intermingled with the crowds of persons; but they kept near each other, and were under the constant supervision of the officer. The jurors dined at the public table of the hotel, sometimes when others were at the tahle; but they all sat at one end of the table under the supervision of their officer, and conversed with no one. The officer who was in charge of the jury, was at one time absent from them, for a short time, during which time they were left under the supervision of one of the deputy sheriffs of the county.
The aboye statement contains, substantially, the facts, as *493 we deduce them from all the affidavits ; and the question is, do these facts show that the jury were guilty of such misconduct as vitiates this verdict.
There is a remarkable similarity in the facts of this case to the case of Stone vs. The State,-4 Hump. R., 27. It is unnecessary, therefore, to dwell at length upon the points which have been debated here. The principles and judgment in that case are decisive against the prisoner in the case before us.
1. In that case a juror had spoken to a person not of the jury, but it was made to appear-that it was in presence of the court, and had relation to the health oí the juror’s family . and this explanation was deemed sufficient.
2. There was in that case a separation of the jury; but the jurors separated to obey the calls of nature, and were in sight, and under the care of their officer; and this was held to be no misbehavior.
3. In that case the officer at one time left the jury in charge of the sheriff for a short time; but the court regarded it as a slight irregularity which would not vitiate the ^verdict; the sheriff proving that he did not speak to the jury about the trial
4. In that case, spirituous liquors were introduced into the room of the jury, of which they drank. But the court held, that it is allowable for the jury to eat and drink; and unless this is done to excess, so as to disqualify the jury from deliberating and considering the case properly, it would not be a ground for a new trial.
Upon these four points, the two cases are alike in every particular. But in that case one of the jurors was asleep a short time in the jury-box; and in this case it is objected that the jury dined at a table, at which other persons were sitting. But, however desirable it may be to keep a jury as much as possible out of sight and apart from others, we know that it is impossible to do so entirely. Where crowds of persons attend the court and fill the hotels, (in many places not very spacious, *494 or well arranged,) it is not easy to keep the jury always entirely apart from others. The best that can be done is to have the jury kept together ; to see that none speak to them, and to secure them against any attempt of others to tamper with them.
If this is done, the purity of the trial is preserved, and the verdict is not vitiated by any slight irregularities. But for ■ these irregularities., the officer permitting them, and the jurors guilty of them should be held to account, and the authority and dignity of the court should be upheld with a firm hand.
Affirm the judgment.